## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**COLETTE MARIE DAVIS**,

Case No.  **13-60866-7**

Debtor.

## MEMORANDUM of DECISION

At Butte in said District this 11ᵗʰ day of October, 2013.

In this Chapter 7 bankruptcy, after due notice, a hearing was held October 8, 2013, in

Butte on Debtor's Motion to Avoid Lien Under 11 U.S.C. § 522(f) filed September 13, 2013, at

docket entry no. 19, wherein Debtor seeks to avoid a lien held by Kristen D. Kopp ("Kopp").

Debtor was represented at the hearing by James J. Screnar of Bozeman, Montana, and Kopp was

represented at the hearing by Jeannette Ellen Berry of Helena, Montana.  Debtor Colette Davis

testified, and Debtor's Exhibits 1, 2, and 3 were admitted into evidence without objection.

FACTS

The facts are straightforward and are not in dispute.  Debtor and Kopp met in February of

1999 and began living together in the fall of 1999.  At that time, Debtor owned a parcel of real

property with an address of 162 Antler Trail, Ennis, Montana.  In December of 1999, Debtor and

Kopp moved to the Antler Trail property.  During this same time, Kopp owned a home in Salt

Lake City, Utah.  Kopp sold her Salt Lake City home and invested the proceeds from the sale of

her home in the Antler Trail property.  Debtor and Kopp made improvements to the property and

on October 6, 2000, Debtor executed a Quit Claim Deed transferring the Antler Trail property to

1

Debtor and Kopp as joint tenants.  On March 22, 2002, Debtor and Kopp jointly filed a

Declaration of Homestead Exemption in Madison County.

Debtor and Kopp were also managing members of a Montana Limited Liability

Corporation known as Country Confidence, LLC.   Debtor and Kopp contributed their various

talents, assets, and financial resources to Country Confidence, LLC and their personal lives until

May 23, 2008, when all of the relationships between Debtor and Kopp ceased.

In Findings of Fact, Conclusions of Law, Judgment and Order entered on August 15,

2002, in the Montana Fifth Judicial District Court, Madison County, District Judge Loren Tucker

found, in part:

> 19.    Before the parties joined forces, Davis owned eight acres with a
> 1973 trailer house.  The parties agreed to jointly own the property.  They jointly
> borrowed approximately $93,000 to purchase a new manufactured home and
> prepare a foundation for the home and to payoff several personal debts and to pay
> approximately $12,000 debt for the land.  Kopp contributed approximately
> $4800.00 cash.  Davis contributed approximately $4,000.00 (trade in value of
> existing trailer house).  The parties made several improvements to the land
> including landscaping, a rail fence, a round corral and three small sheds.
>
> * * *
>
> 21.    From late 1999 until May 2008 the parties accumulated jointly
> owned personal property including a new truck, a camper, snowmobile, horses, a
> horse trailer, furniture and household goods.  In addition they jointly incurred
> debts including credit cards and a line of credit used in connection with the LLC.
>
> * * *
>
> Davis wishes to avoid the possibility that factors involved in
> distributing a marital estate should be applied to this case and on the other hand
> desires that one of those factors (no consideration of conduct of the parties)
> should be applied.

Based upon his findings, Judge Tucker concluded:

      1.    Equitable principles apply to the division of assets of this mutual enterprise. *Kulstad v. Maniaci*, 2009 MT 326, 352 Mont. 513, 220 P.3d 595.

      2.    The dispute before the Court does not involve a marriage. Marital principles do no[t] apply to it. *Kulstad, id.*

* * *

      5.    Davis should have the real property and improvements. The value of the joint venture should be divided equally, provided that Davis should have credit for estimated value before the parties began their mutual endeavors.

Judge Tucker proceeded to enter judgment in favor of Kopp and against Davis in the amount of $34,400.00, which amount was to be a lien against the real property and improvements. Davis was to pay Kopp $6,880.00 by September 14, 2012, and $363.63 per month beginning October 14, 2012, and on the same date every month thereafter until the judgment was paid in fully, which amount was to include interest at the rate of 3% per annum.

In February of 2013, Judge Tucker amended his judgment to provide that the total judgment awarded to Kopp was $37,800 rather than $34,400. Debtor has not made any payments to Kopp. Instead, Debtor commenced this Chapter 7 bankruptcy case on June 24, 2013. As far as the Court can tell, the Antler Trail property is still in the names of both Debtor and Kopp.

Debtor asserts in the pending Motion to Avoid Lien that the real property at issue has a value of $165,000 and that PHH Mortgage is owed $88,870.44. The allowable homestead exemption on the date Debtor filed her bankruptcy petition was $250,000.00 under MONT. CODE ANN. ("MCA") § 70-32-104, which amount is limited by the proportionality rule of MCA § 70-32-104(2). Utilizing the formula set forth in 11 U.S.C. § 522(f)(2)(A), Debtor asserts that Kopp's judicial lien impairs Debtor's homestead exemption. Kopp counters that Judge Tucker did not sever the joint tenancy, and that the judgment did not attach to Debtor's interest in the

3

property, but rather, attached to Kopp's joint interest in the property.  Kopp argues that Debtor's

Motion to Avoid Lien should be denied and that the property should be sold and the proceeds

distributed to PHH Mortgage and Kopp, with any remainder going to Debtor.[1]

DISCUSSION

Debtor moves to avoid Kopp's judicial lien, which arose from the Findings of Fact,

Conclusions of Law, and Judgment and Order entered August 15, 2012, and the Amended

Finding of Fact, Conclusions of Law, and Amended Judgment and Order entered on or about

February 4, 2013, in Cause No. DV-29-09-68 under § 522(f)(1)(A) on the grounds that it impairs

an exemption to which the Debtor is entitled under 11 U.S.C. § 522(b).  Section 522(f)(1)(A)

provides that a debtor:

> may avoid the fixing of a lien on an interest of the debtor in property to the extent
> that such lien impairs an exemption to which the debtor would have been entitled
> under subsection (b) of this section, if such lien is-
>
>> (A) a judicial lien, other than a judicial lien that secures a debt of a kind
>> that is specified in section 523(a)(5) ....

*In re Chiu*, 304 F.3d 905, 907 (9th Cir. 2002); *In re Quane*, 16 Mont. B.R. 475, 476-77 (Bankr. D.

Mont. 1998).

The Ninth Circuit has explained:

> The purpose of § 522(f)(1) is to provide relief for an overburdened debtor.  *Farrey
> v. Sanderfoot*, 500 U.S. 291, 297-98, 111 S.Ct. 1825, 1829-30, 114 L.Ed.2d 337
> (1991) (citing H.R.Rep. No. 95-595, at 126-27 (1977), U.S. Code Cong. &
> Admin. News 5963, 6087-88). "[A] principal reason Congress singled out judicial
> liens was because they are a device commonly used by creditors to defeat the
> protection bankruptcy law accords exempt property against debts." *Id.*

---

[1]  No Adversary Proceeding has been commenced to determine the parties' respective
interests and liens in the property pursuant to F.R.B.P. 7001(2).

*Chiu*, 304 F.3d at 908.

*Chiu* repeated the Ninth Circuit's analysis that "under § 522(f)(1) a debtor may avoid a lien if three conditions are met:  (1) there was a fixing of a lien on an interest of the debtor in property; (2) such lien impairs an exemption to which the debtor would have been entitled; and (3) such lien is a judicial lien."  *Id.*, quoting *In re Catli*, 999 F.2d 1405, 1406 (9ᵗʰ Cir. 1993); *Quane*, 16 Mont. B.R. at 477.  Condition 3 is satisfied because it is undisputed that Kopp's lien arising from the Judge Tucker's Judgment and Amended Judgment is a judicial lien.  It is similarly undisputed that Debtor is asserting and is entitled to a homestead exemption in the Antler Trail property.  However, the outcome of Debtor's motion to avoid lien hinges on whether Conditions 1 and 2 are fully met, namely, whether Debtor is entitled to a homestead exemption in 100 percent of the Antler Trail property and whether there was a fixing of a lien on an interest of the Debtor in property.

Kopp contends this "case is on all fours with the United States Supreme Court case of *Farrey v. Sanderfoot*," *supra*.  In *Quane* this Court considered § 522(f)(1) and the decision of the United States Supreme Court in *Farrey v. Sanderfoot*, 500 U.S. at 297-301, as applied under Montana statutes governing division of property in a dissolution of marriage.  This Court concluded, announcing the rule in this District, "under the dissolution law of the State of Montana – where all prior interests in marital property are distinguished and new interests are created, as read in conjunction with the holding in *Farrey*, a judicial lien stemming from a dissolution proceeding does not fix on an interest of the debtor which existed prior to the dissolution, and is thus not avoidable under 11 U.S.C. § 522(f)(1)."  *Quane*, 16 Mont. B.R. at 480-81.  As explained in *Quane*:

MONT. CODE ANN. § 40-4-202(3) provides:  "Each spouse is considered to have a common ownership in marital property that vests immediately preceding the entry of the decree of dissolution. . .  The extent of the vested interest must be determined and made final by the court pursuant to this section."  MONT. CODE ANN. § 40-4-402(1) further provides that the court "shall ... finally equitably apportion between the parties the property and assets belonging to either or both, however, and whenever acquired and whether the title thereto is in the name of the husband or wife or both."  This is precisely what the State court decree did – it finally and equitably apportioned both the marital assets and the marital debts.

*Quane*, 16 Mont. B.R. at 478.

In the case *sub judice*, Judge Tucker already determined that marital principles do not apply.  While Judge Tucker concluded that Debtor should have the parties' real property and improvements, under Montana law, Debtor's and Kopp's prior interests in Antler Trail property were not extinguished and new interests were not created by the terms of the judgment and no subsequent deeds have been recorded.  Instead, Debtor and Kopp still jointly own the Antler Trail property.  Thus, *Quane* and *Farrey*, wherein the grant of the interest in the homestead occurred simultaneously with the fixing of the lien, are distinguishable.

Turning to the matter of Debtor's homestead exemption, the Montana Supreme Court explains that:

Section 70-32-103 MCA, provides from whose property the homestead may be selected. If the claimant is married, the homestead may be selected from property of either spouse. In addition to our statute, this Court has held several times that a homestead may be claimed on an undivided interest in the land. *See Wall v. Duggan* (1926), 76 Mont. 239, 245 P. 953; *Esterly v. The Broadway Garage Co., et al.* (1930), 87 Mont. 64, 285 P. 172; *DeFontenay v. Childs* (1933), 93 Mont. 480, 19 P.2d 650; *Isom v. Larson* (1927), 78 Mont. 395, 255 P. 1049

*Neel v. First Fed. Sav. And Loan Assoc of Great Falls*, 207 Mont. 376, 394, 675 P.2d 96, 106 (1984).  Following *Neel*, the Montana legislature amended MCA § 70-32-104 by specifically providing:  "(2) If a claimant who is an owner of an undivided interest in real property claims a

6

homestead exemption, the claimant is limited to an exemption amount proportional to the claimant's undivided interest." Consequently, Debtor is limited to an exemption amount proportional to the Debtor's undivided interest in the homestead property. Unfortunately, *Neel* and MCA § 7032-104(2) provide little relief to Debtor because Debtor's undivided interest in the Antler Trail property on her petition date was limited to one-half the equity in the home, or $38,064.78. The equity associated with Kopp's one-half interest in the homestead property is not protected by Debtor's homestead exemption

The Court would note that Judge Tucker entered a $37,800 judgment against Debtor, plus interest at the rate of 3% per annum. Neither party provided the Court with the amount that Debtor now owes Kopp. As the moving party, Debtor had the burden of establishing that she was entitled to the relief requested. Debtor has failed her burden. For the reasons discussed above, the Court will enter a separate order providing as follows:

IT IS ORDERED that Debtor's Motion to Avoid Lien Under 11 U.S.C. § 522(f) filed September 13, 2013, at docket entry no. 19, is denied.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

7